**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-01942-VAP(DTBx)                              Date:  January 5, 2012

Title:   FEDERAL NATIONAL MORTGAGE ASSOCIATION -v- ROBERT JOHN GASPARRO
================================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                              None Present
    Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR                 ATTORNEYS PRESENT FOR
PLAINTIFFS:                           DEFENDANTS:

    None                                       None

PROCEEDINGS:     MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN CHAMBERS)

　　　　On December 8, 2011, pro se Defendant Robert John Gasparro removed the instant unlawful detainer action from the California Superior Court for the County of Riverside, alleging Plaintiff Federal National Mortgage Association ("Fannie Mae") violated the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220 note, by serving a defective notice to vacate on Gasparro.  (See Not. of Removal ¶¶ 7-8 (Doc. No. 1).)  For the reasons discussed below, Fannie Mae's alleged violation of the PTFA does not present a federal question sufficient to confer subject-matter jurisdiction on this Court.  Accordingly, the Court REMANDS this action to the California Superior Court for the County of Riverside.

MINUTES FORM 11                             Initials of Deputy Clerk ___md____
CIVIL -- GEN                         Page 1

EDCV 11-01942-VAP(DTBx)
FEDERAL NATIONAL MORTGAGE ASSOCIATION v. ROBERT JOHN GASPARRO
MINUTE ORDER of January 5, 2012

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Gasparro alleges the basis for removal of this case is federal question jurisdiction, under 28 U.S.C. § 1331, because Fannie Mae served him with a notice to vacate that failed to comply with the PTFA, a federal law. Gasparro alleges he raised this issue in a demurrer before the superior court, but the superior court did not sustain his demurrer; "[f]ederal question jurisdiction" therefore exists, Gasparro contends, "because [Gasparro's] demurrer, a pleading, depend[s] on the determination of [Gasparro's] rights and [Fannie Mae's] duties under federal law." (Not. of Removal ¶¶ 9-10.)

As is implicit in Gasparro's own pleading, the PTFA provides a federal defense to a state law claim; Gasparro thus raised the issue properly in a demurrer filed in superior court. See, e.g., Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). The existence of a federal defense (by itself) does not, however, raise a federal question; is therefore an insufficient basis to invoke federal question jurisdiction under 28 U.S.C. § 1331, and; consequently cannot support removal of an action. Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

**EDCV 11-01942-VAP(DTBx)**
**FEDERAL NATIONAL MORTGAGE ASSOCIATION v. ROBERT JOHN GASPARRO**
**MINUTE ORDER of January 5, 2012**

      As the Court thus lacks subject-matter jurisdiction over this action, the Court REMANDS the matter to the California Superior Court for the County of Riverside.

      **IT IS SO ORDERED.**